In the Matter of James A. WOODS, Respondent.

No. 41S00–0803–DI–117.

Supreme Court of Indiana.

May 27, 2008.

*ORDER APPROVING STATEMENT OF CIRCUMSTANCES AND CONDITIONAL AGREEMENT FOR DISCIPLINE*

Pursuant to Indiana Admission and Discipline Rule 23(11), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a "Statement of Circumstances and Conditional Agreement for Discipline" stipulating agreed facts and proposed discipline as summarized below:

**Stipulated Facts:** When attorney C.L. accepted an appointment as a juvenile magistrate in Johnson County in 1999, he was representing R.G. in a personal injury case. Respondent and C.L. entered into an agreement under which C.L. would continue to handle this case, in violation of Canon 4(G) of the Code of Judicial Conduct, while Respondent would appear to be handling the case. In carrying this out, C.L. and Respondent deceived R.G. about the representation and executed a release on which R.G.'s signature was forged. C.L. negotiated a settlement and received a payment of $50,000, but he did not forward any part of it to R.G., a fact that was discovered after C.L. committed suicide in 2005.

Facts in mitigation include: (1) Respondent was not aware of C.L.'s conversion of the settlement proceeds; (2) Respondent received no payment for his participation in the misconduct and did not act out of a selfish motive; (3) Respondent was instrumental in uncovering C.L.'s theft; (4) with Respondent's cooperation, R.G. was made whole through a claim against C.L.'s probate estate and settlement of a malpractice claim against Respondent; (5) Respondent is remorseful and cooperated fully with the Commission; and (6) Respondent has no prior disciplinary history.

**Violations:** The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

1.4(b): Failure to explain matter to extent reasonably necessary to permit a client to make informed decisions.

1.7(b): Representing a client when there is a concurrent conflict of interest without obtaining informed, written consent.

3.3(a)(1): Knowingly making a false statement of fact or law to a tribunal or failing to correct a false statement of material fact or law previously made to the tribunal by the lawyer.

4.1: Making a false statement of material fact to a third person.

5.4(c): Permitting a person who recommends, employs, or pays the lawyer to render legal services for another to direct or regulate the lawyer's professional judgment in rendering such legal services.

8.4(f): Knowingly assisting a judge or judicial officer in conduct that is a violation of applicable rules of judicial conduct or other law.

**Discipline:** The parties agree the appropriate sanction is suspension from the

practice of law for 120 days with automatic reinstatement. Respondent's ethical violations are serious, and in most circumstances, such conduct would warrant a lengthier period of suspension. In assessing the agreed sanction in this case, that Court notes the significant mitigating circumstances, including Respondent's remorse and cooperation in ensuring R.G. was made whole and in the disciplinary process. In light of the Court's desire to foster agreed resolutions of lawyer disciplinary cases and the apparently isolated nature of Respondent's misconduct, the Court now APPROVES and ORDERS the agreed discipline.

For Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 120 days, beginning June 27, 2008.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(4)(c). The costs of this proceeding are assessed against Respondent.

The Court directs the Clerk to forward a copy of this Order to the hearing officer, to the parties or their respective attorneys, and to all other entities entitled to notice under Admission and Discipline Rule 23(3)(d).

All Justice concur.